FILED
MAY 2 3 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.** 07-321 C |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant,** | ) | |

**COMPLAINT**

Bennett J. Lee, Esq.
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
Citigroup Center
One Sansome Street, Suite 1050
San Francisco, CA 94104
(415) 623-7000 (Telephone)
(415) 623-7001 (Facsimile)

Attorney for Plaintiff
Travelers Casualty And Surety
Company of America

## COMPLAINT

COMES NOW Travelers Casualty and Surety Company of America ("Travelers") and submits this Complaint against the United States of America whereby it alleges as follows:

## PARTIES

1. Travelers is a corporation organized and existing under the laws of the State of Connecticut. At all times relevant hereto, Travelers was engaged in the insurance and surety industry, including the issuance of payment and performance bonds for construction projects.

2. The Defendant is the United States of America.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to the Tucker Act, 28 U.S.C. § 1491.

## BACKGROUND

4. On or about August 16, 2001, the United States of America, acting through the General Services Administration ("GSA"), awarded Contract No. GS-09P-01-KTC-0032 ("Contract") to Dennis J. Amoroso Construction Co., Inc. ("DJA") for the construction of a project designated as the Phase I: Construction of Tenant Improvements Within the U.S. Appraisers Building, San Francisco, California ("Project").

5. On or about August 17, 2001, Travelers, as surety for DJA, provided a performance bond ("Performance Bond") and a payment bond ("Payment Bond") for the Project in accordance with the Miller Act, 40 U.S.C. § 270 et seq. The Performance Bond and Payment Bond were provided to DJA pursuant to a General Agreement of Indemnity between Travelers and DJA. Copies of the Performance Bond and the Payment Bond are attached hereto as Exhibit "1" and incorporated by reference herein.

6. The Performance Bond and the Payment Bond were received and accepted by GSA.

7. On or about December 2, 2003, DJA and GSA entered into a settlement agreement whereby GSA agreed to pay DJA $474,917 to settle DJA's outstanding claims against GSA for amounts due under the Contract. Said funds were held by GSA as part of the contract balance ("Contract Balance") due DJA under the Contract, which upon information and belief, Travelers alleges totaled $475,051.

8. On or about September 21, 2004, DJA filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code, Case No. 12244 in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division.

9. On behalf of DJA, Travelers paid subcontractors of DJA for work performed on the Project in the following amounts:

| Payee | Check Date | Payment Amount |
|---|---|---|
| Stomper Company Inc | 2004/01/21 | $43,151.00 |
| Performance Contracting Group | 2004/01/29 | $53,655.30 |
| Giampolini Archuleta | 2004/02/19 | $310,000.00 |
| Western Flooring Corp | 2004/02/18 | $3,377.98 |
| Northstar Fire Protection | 2004/03/05 | $78,232.00 |
| Kent M Lim & Company Inc | 2004/04/09 | $45,000.00 |
| Glacier DRS Inc | 2004/04/23 | $24,000.00 |
| Performance Abatement Services | 2004/04/23 | $40,000.00 |
| Cal Coast Waterproofing | 2004/04/23 | $9,716.00 |
| All American Tile & Terrazzo, Inc. | 2004/05/04 | $6,518.00 |
| A & B Painting Inc | 2004/05/18 | $110,000.00 |
| Dees-Hennessey Inc | 2004/05/25 | $2,970.00 |
| Black Sea Corporation | 2004/05/28 | $19,000.00 |
| Legg, Inc. | 2004/09/23 | $9,039.00 |
| **TOTAL** | | **$754,659.28** |

10. By letter dated January 19, 2004, Travelers notified GSA that claims had been made against the Payment Bond and requested that it withhold sums due DJA, including retainage, and that GSA not disburse said funds without advance written notice to Travelers. A true and correct copy of Travelers' January 19, 2004 notice letter is attached hereto as Exhibit "2" and incorporated by reference herein.

11. On or about March 7, 2005, the Honorable Alan Jaroslovsky of the United States Bankruptcy Court for the Northern District of California signed an order ("Order") by which said Court assigned to Travelers the right to collect DJA's receivables accrued in connection with work performed by DJA on all of its "Travelers' Bonded Projects" and to apply the "Travelers' Bonded project Receivables from any Travelers' Bonded Project to satisfy Travelers' performance and payment bond liabilities on that particular Travelers' Bonded Project." A true and correct copy of Judge Jaroslovsky's March 7, 2005 Order is attached hereto as Exhibit "3" and incorporated by reference herein.

12. In a letter dated November 19, 2004 from GSA to Travelers, GSA claimed that it had discovered "latent defects" in DJA's work and that it therefore intended to deduct $190,152 from the Contract Balance to repair the alleged defects.

13. On July 21, 2005, Travelers and GSA entered into a Release, Waiver and Agreement of Indemnification ("Agreement"). Pursuant to the Agreement, GSA released to Travelers $284,899 remaining in the Contract Balance. The Agreement also acknowledged and reserved Travelers' right to file suit to recover the $190,152 wrongfully deducted from the Contract Balance by GSA. A true and copy of the Agreement is attached hereto as Exhibit "4" and incorporated by reference herein.

14. On March 7, 2006, Travelers served upon the GSA a document entitled Certified Claim/Renewed Demand on Claim.

15. On May 26, 2006, the GSA denied the Certified Claim/Renewed Demand on Claim.

**COUNT I**
(Wrongful Disbursement of Contract Balance)

The allegations contained in paragraphs 1 through 12 above are incorporated by reference herein.

16. Throughout 2003 and 2004, Travelers received Payment Bond claims on the Project.

17. Travelers has fully paid all Payment Bond claimants and has satisfied the obligations of DJA to these parties in full, with its total payments under the Payment Bond amounting to $754,659.28.

18. Upon performance of its obligations under the Payment Bond, Travelers was equitably subrogated to DJA's rights against GSA under the Contract.

19. Upon receiving Travelers' January 19, 2004 letter notifying GSA of the claims paid by Travelers, GSA became a stakeholder with respect to the Contract funds not yet expended, including the $475,051 in Contract Balance.

20. As a stakeholder, GSA had a duty to avoid actions that would impair Travelers' rights and interests in the Contract Balance.

21. GSA breached its duty to Travelers by wrongfully using funds within the Contract Balance to pay subcontractors hired by GSA under separate contracts to perform work beyond DJA's work scope or retaining said funds for its own use.

22. As a direct result of GSA's wrongful disbursements of funds within the Contract Balance, Travelers has incurred damages in the amount of $190,152, plus interest at the legal rate.

WHEREFORE, Travelers respectfully requests that judgment be entered in its favor against GSA in the amount of $190,152, plus interest, attorneys' fees and costs as warranted by law.

DATED: May 22, 2007

Respectfully submitted,

Bennett J. Lee, Esq.
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
Citigroup Center
One Sansome Street, Suite 1050
San Francisco, CA 94104
(415) 623-7000 (Telephone)
(415) 623-7001 (Facsimile)

Attorney for Plaintiff
Travelers Casualty and Surety Company of America

# EXHIBIT 1

415 ... 3520

04/02/2003 16:16 415-395-3520 TRAVELERS BOND PAGE 01/04

Bond #: 103 32 30 89 Premium : $63,535.00

| **PERFORMANCE BOND** *(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)* August 17, 2001 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

PRINCIPAL *(Legal name and business address)*

Dennis J. Amoroso Construction Co., Inc.
70 Gold Street
San Francisco, California 94133

TYPE OF ORGANIZATION *("X" one)*

☐ INDIVIDUAL ☐ PARTNERSHIP ☐ JOINT VENTURE ☒ CORPORATION

STATE OF INCORPORATION: California

SURETY(IES) *(Name(s) and business address(es))*

Travelers Casualty and Surety Company of America
555 California Street, 39th Floor
San Francisco, California 94104

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 9 | 142 | 737 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 08/16/2001 | GS-09P-01-KTC-0032 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

PRINCIPAL

| | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. Dennis J. Amoroso Construction Co., Inc. Dennis J. Amoroso, President | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) *(Typed)* | 1. | 2. |

CORPORATE SURETY(IES)

| | | | | | |
|---|---|---|---|---|---|
| SURETY | NAME & ADDRESS | Travelers Casualty and Surety Company of America, 555 California Street, 39th Floor San Francisco, California 94104 | STATE OF INC. Connecticut | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Steve Dedrickson Attorney-in-fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable



STANDARD FORM 25 (REV. 5-96)
Prescribed by GSA-FAR (48 CFR) 53.228(b)

**CORPORATE SURETY(IES) *(Continued)***

| Surety | Field | | | | |
|---|---|---|---|---|---|
| SURET[Y B] | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SU...TY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

| BOND PREMIUM | RATE PER THOUSAND ($) | | TOTAL ($) |
|---|---|---|---|
| | 1st $500 | $12.00 | 63,535.00 |
| | next 2,000 | 8.00 | |
| | next 2,500 | 7.00 | |
| | next 2,500 | 6.00 | |
| | over 7,500 | 5.50 | |

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavi[t] of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The Government may require the suret[y] to furnish additional substantiating information concerning thei[r] financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporat[e] Seal", and shall affix an adhesive seal if executed in Maine, Ne[w] Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in th[e] space provided.

Premium : included in performance bond

Bond #: 103 32 30 89

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) August 17, 2001 | OMB No.:9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

PRINCIPAL (Legal name and business address)

Dennis J. Amoroso Construction Co., Inc.
70 Gold Street
San Francisco, California 94133

TYPE OF ORGANIZATION ("X" one)

☐ INDIVIDUAL ☐ PARTNERSHIP
☐ JOINT VENTURE ☒ CORPORATION

STATE OF INCORPORATION: California

SURETY(IES) (Name(s) and business address(es))

Travelers Casualty and Surety Company of America
555 California Street, 39th Floor
San Francisco, California 94104

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 9 | 142 | 737 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 08/16/2001 | GS-09P-01-KTC-0032 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

PRINCIPAL

| | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Dennis J. Amoroso Construction Co., Inc. Dennis J. Amoroso, President | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| | | | | | |
|---|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Travelers Casualty and Surety Company of America, 555 California Street, 39th Floor San Francisco, California 94104 | STATE OF INC. Connecticut | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. Steve Dedrickson Attorney-in-fact | 2. | | |



AUTHORIZED FOR LOCAL REPRODUCTION

STANDARD FORM 25A (REV. 10-98) Prescribed by GSA-FAR (48 CFR) 53.228(c)

CORPORATE SURETY(IES) *(Continued)*

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the le[illegible] identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavi[illegible] Individual Surety (Standard Form 28) for each individual surety, s[illegible] accompany the bond. The Government may require the surety [illegible] furnish additional substantiating information concerning their finan[illegible] capability.

4. Corporations executing the bond shall affix their corporate se[illegible] Individuals shall execute the bond opposite the word "Corporate S[illegible] and shall affix an adhesive seal if executed in Maine, New Hamps[illegible] or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in space provided.

# EXHIBIT 2

Travelers

Pat. G. Toulouse
Bond Claim Counsel
Travelers Bond
3455 South 344th Way, Suite 200
Auburn, WA 98001
Phone: 253-946-7390
Fax: 253-946-7156
E-mail: Patrick.G.Toulouse@Travelers.com

January 19, 2004

**VIA CERTIFIED AND U.S. MAIL**

U.S. General Services Administration
450 Golden Gate Avenue, 3rd Fl. West
San Francisco, CA 94102-3434

| | |
|---|---|
| Re: | Travelers Cas. & Surety Co. of America |
| Our File No.: | 091SCT0301782NR |
| Bond No.: | 103SB103323089BCM |
| Principal: | Dennis J. Amoroso Construction Co., Inc. |
| Obligee: | General Services Admin., Reg.9, Phillip Burton Federal Bldg. |
| Project: | U.S. Appraisers Building San Francisco Tenant Improvements |

Dear Sir/Madam:

Please be advised that Travelers has received claims on the above-referenced bond. As a consequence of this, Travelers is exposed to potential losses under the payment bond furnished for this project.

We are in communication with the appropriate representatives of Dennis J. Amoroso Construction Co., Inc. to investigate the facts concerning this matter and hope that it can be resolved shortly. At this time, however, Travelers demands that you release no further funds under the above-referenced contract, including retainage, without the advance written consent and direction of Travelers. We make this demand on the basis of and to protect the Surety's rights of subrogation and to enable the Surety to protect its interest under its bond issued for this project.

This correspondence and all prior or subsequent communications and/or investigative efforts are made with the express reservation of all rights and defenses which Travelers or Dennis J. Amoroso Construction Co., Inc. has or may have at law, equity or under the terms and provisions of the bond and contract documents.

If you have any questions concerning this notice, please contact the undersigned as soon as possible. Thank you for your anticipated cooperation in this matter.

04 JAN 23 AM 11:40

Sincerely,

Patrick G. Toulouse
Bond Claim Counsel
Bond Claim Department

# EXHIBIT 3

Entered on Docket
March 07, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

LAW OFFICES OF JOHN H. MacCONAGHY
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
466 First St. East
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: macclaw@pacbell.net

Attorneys for Debtor in Possession
DENNIS J. AMOROSO CONSTRUCTION CO., INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DENNIS J. AMOROSO CONSTRUCTION CO., INC.<br><br>Debtor. | Case No. 04-12244<br>(Chapter 11)<br><br>**ORDER AUTHORIZING "AMENDED STIPULATION RE: COUNTER MOTION TO COMPEL TURNOVER AND ACCOUNTING OF PROPERTY OF THE ESTATE BY CUSTODIAN" AND "STIPULATION RE: TRAVELERS' NOTICE OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT"** |

The parties having so stipulated, and the debtor in possession Dennis J. Amoroso Construction Co., Inc. having given notice pursuant to Bankruptcy Rule 4001(d) without objection by any party in interest, and good cause appearing:

IT IS HEREBY ORDERED that the Amended Stipulation Re: Counter Motion to Compel Turnover and Accounting of Property of the Estate By Custodian entered into by the debtor and Travelers' Casualty and Surety Company of America is authorized;

IT IS HEREBY FURTHER ORDERED that the Stipulation Re: Travelers' Notice of Its

Motion for Partial Summary Judgment entered into by the debtor and Travelers' Casualty and Surety Company of America is authorized.

Dated: March 7, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge

ADAM A. LEWIS (BAR NO. 88736)
JEFFREY M. KAYES (BAR NO. 216089)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ROBERT C. NIESLEY, ESQ. (SBN 131373)
KIRSTEN A. ROE, ESQ. (SBN 222513)
WATT, TIEDER, HOFFAR & FITZGERALD LLP
Citigroup Center
One Sansome Street, Suite 810
San Francisco, CA 94104
(415) 623-7000 Telephone
(415) 623-7001 Facsimile

Attorneys for Creditor
Travelers Casualty and Surety Company of America

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re ,<br><br>DENNIS J. AMOROSO CONSTRUCTION CO, INC.<br><br>Debtor. | Case No. 04-12244<br><br>(Chapter 11)<br><br>AMENDED STIPULATION RE: COUNTER-MOTION TO COMPEL TURNOVER AND ACCOUNTING OF PROPERTY OF THE ESTATE BY CUSTODIAN |

sf-1832323

Travelers Casualty & Surety Co. of America ("Travelers") and debtor and debtor in possession Dennis J. Amoroso Construction Co., Inc. (the "Debtor") hereby stipulate as follows with respect to the Debtor, Dennis J. Amoroso Construction Co., Inc.'s Counter-Motion to Compel Turnover and Accounting of Property of the Estate by Custodian (the "Turnover Motion"):

1. The Turnover Motion shall be denied without prejudice to its being refiled by the Debtor.

2. Travelers is authorized to continue to collect receivables (the "Travelers' Bonded Project Receivables") on the Debtor's projects bonded by Travelers (the "Travelers' Bonded Projects" and each a "Travelers' Bonded Project") and to apply the Travelers' Bonded Project Receivables from any particular Travelers' Bonded Project to satisfy Travelers' performance and payment bond liabilities on that particular Travelers' Bonded Project .

3. Within 20 days of the close of each calendar month, Travelers shall provide the Debtor with a monthly accounting of its receipt and application of Travelers' Bonded Project Receivables for each respective Travelers Bonded Project that generated those Travelers' Bonded Project Receivables. The accounting shall identify the payor and amount and date of payment.

4. Travelers shall segregate and hold any Travelers Bonded Project Receivables to the exent that they exceed the amount necessary to satisfy Travelers' performance and payment bond liabilities on the Travelers Bonded Project which generated them, pending further order of the Court..

5. Travelers represents that it has not collected and does not hold any funds ("Other Project Funds") from any of the Debtor's projects that are not Travelers Bonded Projects.

6. Travelers and the Debtor shall deposit any Other Project Funds either receives into segregated debtor-in-possession account(s). Other Project Funds in which Fireman's Fund Insurance Company or Lumberman's Acceptance Corporation claim an interest shall be deposited

into separate debtor-in-possession accounts and not commingled or disbursed absent further order of court on notice to interested parties.

7. The Debtor and Travelers have agreed to cooperate in collecting Other Project Funds. The Debtor is authorized to collect Other Project Funds to be deposited in accordance paragraph 6 hereof, provided, however, that the Debtor shall seek approval of the Court of any settlement and shall not file any motion for such approval without first having given Travelers the details of any such proposed settlement at least 10 days before filing the motion. Notwithstanding the foregoing, Travelers shall be authorized to collect receivables on the Palo Alto, CSULB and AirTrain projects bonded by Kemper, provided that Travelers shall keep the Debtor informed of the progess of any negotiations or proceedings thereon, and shall deposit the proceeds of any such receivables into the debtor in possession bank account identified in paragraph 6 hereof.

8. The purpose of this Stipulation is to allocate posssession and administration of Travelers Bonded Project Receivables and Other Project Funds pending any further determinations by the Court upon motion of either party hereto. This Stipulation is not intended to, and shall not be construed as, a resolution on the merits of any issues raised by the Turnover Motion or Travelers' opposition thereto, including, without limitation, any challenge by the Debtor to Travelers' commercial judgment making any payment on any Travelers Bonded Project.

Dated: February 4, 2005

ROBERT C. NIESLEY, ESQ.
KIRSTEN A. ROE, ESQ.
WATT, TIEDER, HOFFAR & FITZGERALD LLP

ADAM A. LEWIS
MORRISON & FOERSTER LLP

By: /s/ Kirsten A. Roe
Kirsten A. Roe
Attorneys for Creditor Travelers Casualty and Surety Company of America

Dated: February 3, 2005

LAW OFFICES OF JOHN H. MACCONAGHY

By: /s/ John H. MacConaghy
John H. MacConaghy
Attorneys for Debtor and Debtor in Possession Dennis J. Amoroso Construction Co., Inc.

**Andrea McStocker**

---

**From:** BKECF_CANB@canb.uscourts.gov
**Sent:** Friday, February 04, 2005 11:57 AM
**To:** CourtMail@canb.uscourts.gov
**Subject:** 04-12244 "Stipulation Refering to Existing Document(s)"

*****NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. Bankruptcy Court**

**Northern District of California**

Notice of Electronic Filing

The following transaction was received from MacConaghy, John H. entered on 2/4/2005 at 11:57 AM PST and filed on 2/4/2005
**Case Name:** Dennis J. Amoroso Construction Co., Inc.
**Case Number:** 04-12244
**Document Number:** 100

**Docket Text:**
Stipulation *(Amended) Re: Counter Motion To Compel Turnover and Accounting of Property of the Estate by Custodian* Filed by Debtor Dennis J. Amoroso Construction Co., Inc. (RE: related document(s)[88] Stipulation Refering to Existing Document(s), Stipulation Refering to Existing Document(s) filed by Debtor Dennis J. Amoroso Construction Co., Inc.). (MacConaghy, John)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\JohnM\My Documents\SignedStipB.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=2/4/2005] [FileNumber=2575654-0]
[7be84460eaa97b940be1f6747b2fa82e3f7b425e4f3098437 17b609cff173c34ec0c
52f5c19fe9cf6ee7336892101f8daa8ad726b13137ebd9f93729399151be]]

**04-12244 Notice will be electronically mailed to:**

Thomas Caudill ,

Thomas Caudill law.caudill@sbcglobal.net,

Craig C. Chiang cchiang@buchalter.com,

Donald H. Cram dhc@severson.com

Michael C. Fallon ecf@fallonlaw.net

William W. Huckins whuckins@allenmatkins.com,

Adam A. Lewis alewis@mofo.com,

John H. MacConaghy macclaw@pacbell.net, dyork@pacbell.net

Rachel K. Nunes rnunes@abbeylaw.com

Office of the U.S. Trustee / SR USTPRegion1! 7.SF.ECF@usdoj.gov

Kirsten A. Roe kroe@wthf.com, amcstock@wthf.com

Phillippe Toudic ptoudic@wulfslaw.com,

**04-12244 Notice will not be electronically mailed to:**

Lee S. Feldman
Law Offices of DeCarlo and Connor
533 S Fremont Ave. 9th Fl.
Los Angeles, CA 90071-1706

Dennis E. Quaid
Fagel Haber Law Offices
55 E Monroe St. 40th Fl.
Chicago, IL 60603

# EXHIBIT 4

## RELEASE, WAIVER AND AGREEMENT OF INDEMNIFICATION

| | |
|---|---|
| Project: | U.S. Appraisers Building, 630 Sansome Street, San Francisco, CA |
| GSA Contract No.: | GS-09P-01-KTC-0032 |
| GSA Project No. | ICA11500 |
| Surety: | Travelers Casualty & Surety Co. of America |
| Bond No.: | 103SB103323089BCM |
| Principal: | Dennis J. Amoroso Construction Co., Inc. |
| Obligee: | General Services Admin., Reg. 9, Philip Burton Federal Building |

## RECITALS

A. WHEREAS, on or about August 16, 2001, the Government of the United States of America, through the General Services Administration ("GSA"), on one hand, and Dennis J. Amoroso Construction Co., Inc. ("DJA"), on the other hand, entered into a contract ("DJA Contract") for the construction by DJA of a project commonly known as the U.S. Appraisers Building, located at 630 Sansome Street, San Francisco, CA, GSA Contract No.: GS-09P-01-KTC-0032, Project No. ICA11500 ("Project").

B. WHEREAS, Travelers Casualty and Surety Company of America ("Travelers"), as surety, executed and delivered to GSA, as obligee, on behalf of DJA, as principal, its Miller Act payment and performance bonds with respect to the Project, identified by Bond No. 103SB103323089BCM ("Bonds").

C. WHEREAS, on or about December 2, 2003, DJA and GSA entered into a final settlement agreement ("DJA/GSA Settlement") under which DJA and GSA agreed that the final payment left on the DJA Contract would be $475,051.00 ("Final Contract Balance" shall refer to the sum of $475,051.00).

D. WHEREAS, various subcontractors and suppliers to DJA made claims for payment on Travelers' Bonds for labor and/or materials furnished to the Project. Travelers represents that it has paid in excess of $754,659.28 in Bond claims to such subcontractors and suppliers.

E. WHEREAS, by correspondence dated January 19, 2004, February 5, 2004 and February 9, 2004, Travelers requested that GSA withhold payment of the Final Contract Balance from DJA, including under provisions of the FAR 28.106-7(b).

F. WHEREAS, Travelers desires to be paid all sums withheld by GSA from DJA including the entire Final Contract Balance. Travelers represents that it is entitled to all such sums pursuant to its rights of subrogation and pursuant to written assignments and a stipulation between Travelers and DJA.

9. This Agreement may be executed in whole or in counterparts together which shall make up the entire Agreement. A facsimile signature shall be acceptable by either party as if it were the wet signature original.

Executed and effective as of this 21st day of ~~June~~ July, 2005 in San Francisco, California.

GENERAL SERVICES ADMINISTRATION

By: Constance Russell
Title: Contracting Officer
Date: 7/21/05

SURETY
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

By: Patrick Loughman
Title: Bond Claim Counsel
Date: 6/22/05

Approved As To Form:

By: Cecelia Chu, Esq.
Regional Counsel
General Services Administration

87813v2