**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TRAVELERS CASUALTY & SURETY CO. OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07-321 (Judge Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits.

3. The allegation contained in paragraph 3 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

4. Admits the allegations contained in paragraph 4 to the extent they are supported by Contract No. GS-09P-01-KTC-0032 cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent they are supported by the Performance and Payment Bonds cited and attached to the Complaint at Exhibit 1, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits.

7. Admits the allegations contained in the first sentence of paragraph 7 to the extent they are supported by the settlement agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 7. Denies the allegations contained in the second sentence of paragraph 7 for lack of information or knowledge sufficient to form a belief as to the matters asserted as the allegations are vague and ambiguous.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. Admits the allegations contained in paragraph 10 to the extent they are supported by the January 19, 2004 letter cited and attached to the complaint as Exhibit 2; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent they are supported by the March 7, 2005 order issued by the Honorable Alan Jaroslovsky cited and attached to the complaint as Exhibit 3, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent they are supported by the November 19, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 12.

13. Admits the allegations contained in the first and second sentences of paragraph 13 to the extent they are supported by the “Release, Waiver and Agreement of Indemnification” cited and attached to the complaint as Exhibit 4, which is the best

evidence of its contents; otherwise, denies the allegations contained in the first and second sentence of paragraph 13. The allegations contained in the third sentence of paragraph 13 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

14. Admits.

15. Admits only the allegation contained in paragraph 15 that "the GSA denied the Certified Claim/Renewed Demand on Claim." Denies only the allegation contained in paragraph 15 that the GSA's denial was issued on May 26, 2006. Avers that the GSA issued its aforementioned denial on May 25, 2006.

16. The defendant reasserts and incorporates by reference each response to each of the foregoing paragraphs of the complaint as if repeated fully.

17. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

18. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

19. The allegations contained in paragraph 18 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 19are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 20 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 22 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

24. Denies the plaintiff is entitle to the relief requested, or to any relief whatsoever

25. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

July 23, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of July, 2007, a copy of the foregoing "Defendant's Answer" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey